IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 612-001-6 |
| | * | |
| EDDIE LITTLES III | * | |

O R D E R

Defendant Eddie Littles III has filed a motion for reduction in sentence pursuant to the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A). The Government opposes the motion. Upon due consideration, the Court denies Littles' request for relief.

The compassionate release provision provides a narrow path for a District Court to grant release to a defendant if it finds that "extraordinary and compelling reasons" warrant such relief and that release is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 of the Sentencing Guidelines provides the applicable policy statement, explaining that a sentence reduction may be ordered where a court determines, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), that "extraordinary and compelling reasons" exist and the defendant does not present a danger to the safety of any other person or the community. U.S.S.G. § 1B1.13. The application note

to this policy statement lists three specific examples of extraordinary and compelling reasons to consider reduction of a defendant's sentence under § 3582(c)(1)(A): (1) a medical condition; (2) advanced age; and (3) family circumstances. Id. n.1(A)-(C). A fourth catch-all category provides: "**As determined by the Director of the Bureau of Prisons**, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. n.1(D) (emphasis added).

In this case, Littles claims to have a qualifying medical condition based upon his medical conditions: type 2 diabetes mellitus, hypertension, atrial fibrillation, hyperlipidemia, and morbid obesity. (Def.'s Mot., Doc. 620, at 1.) In its response, the Government concedes that Littles' medical conditions, in conjunction with the potential adverse effects to Littles should he contract COVID-19, qualify as a serious medical condition equating to an "extraordinary and compelling" reason for compassionate release. (See Gov't Resp. in Opp'n, Doc. 624, at 13 & Ex. A.) Indeed, type 2 diabetes mellitus and morbid obesity are conditions that place a person "at increased risk of severe illness from COVID-19." See Centers for Disease Control & Prevention, *People with Certain Medical Conditions*, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited on

2

October 28, 2020). Moreover, Littles' other health conditions "might" put him at increased risk for severe illness according to the CDC. See Centers for Disease Control & Prevention, *People with Certain Medical Conditions*, supra. Accordingly, the Court will assume that Littles meets the criteria of the first category of those eligible for compassionate release.

Nevertheless, the Court retains discretion over whether to grant relief and must weigh the sentencing factors of 18 U.S.C. § 3553(a) prior to release. See 18 U.S.C. § 3582(c)(1)(A). Upon careful consideration thereof, the Court particularly notes that the nature of his offense, the history and characteristics of this Defendant, and the need to protect the public weigh against reducing his sentence to time served.[1] Moreover, Littles still has at least four years left on his sentence. Early release of this Defendant would fail to reflect the seriousness of his offense, promote respect for the law, provide just punishment, and afford adequate deterrence. In short, reducing his sentence at this time would not be consistent with the statutory purposes of sentencing.

Upon the foregoing, Defendant Eddie Littles III's motion for compassionate release (doc. 620) is **DENIED**.

---

[1] Notably, in denying Littles' request for compassionate release, the Warden of FDC Philadelphia remarked that Littles is considered a "High Risk to return to prison upon release as per the Male PATTERN Risk Assessment." (Def.'s Mot., Doc. 620, Ex. 1, at 3.)

**ORDER ENTERED** at Augusta, Georgia, this 29th day of October, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA